# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### BIG STONE GAP DIVISION

| | |
|---|---|
| **MICHAEL SEXTON,** ) | |
| ) | |
| Plaintiff, ) | Case No. 2:21CV00011 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **KILOLO KIJAKAZI, ACTING** ) | JUDGE JAMES P. JONES |
| **COMMISSIONER OF SOCIAL** ) | |
| **SECURITY,** ) | |
| ) | |
| Defendant. ) | |

*Vernon M. Williams*, WOLFE, WILLIAMS, & REYNOLDS, Norton, Virginia, for Plaintiff; *Maija DiDomenico, Special Assistant United States Attorney*, OFFICE OF THE GENERAL COUNSEL, SOCIAL SECURITY ADMINISTRATION, Philadelphia, Pennsylvania, for Defendant.

In this social security disability case, I accept the report and recommendation of the magistrate judge.

The plaintiff challenges the final decision of the Commissioner of Social Security (Commissioner) denying his claim for disability insurance benefits under certain provisions of the Social Security Act (Act). The action was referred to United States Magistrate Judge Pamela Meade Sargent to conduct appropriate proceedings. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Magistrate Judge Sargent filed her 20-page Report and Recommendation (Report) on June 23, 2022, in which she recommended that the court affirm the Commissioner's decision denying benefits.

On July 1, 2022, the plaintiff filed written objections to the Report. The defendant filed a response to the objections on July 7, 2022. The objections are ripe for decision.

I must make a de novo determination of those portions of the report to which the plaintiff objects. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Under the Act, I must uphold the factual findings and final decision of the Commissioner if they are supported by substantial evidence and were reached through application of the correct legal standard. *See Coffman v. Bowen,* 829 F.2d 514, 517 (4th Cir. 1987). "[T]he threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

If such evidence exists, my inquiry is terminated and the Commissioner's final decision must be affirmed. *See id.* But I may not "reflexively rubber-stamp an ALJ's findings." *Arakas v. Comm'r*, 983 F.3d 83, 95 (4th Cir. 2020) (citation omitted). "To pass muster, ALJs must build an accurate and logical bridge from the evidence to their conclusions." *Id.* (internal quotation marks and citations omitted).

The plaintiff objects to the following aspects of the Report:

 (1) Its finding that the ALJ properly evaluated Dr. Eddie Brown's opinion regarding the plaintiff's lifting limitations; and

 (2) Its finding that substantial evidence supported the ALJ's determination that the plaintiff does not have a severe mental impairment.

Based upon my careful consideration of these objections, the record, and the arguments of counsel, I agree with the magistrate judge that substantial evidence supported the ALJ's findings and that the ALJ's decision was in accord with relevant case precedent. The ALJ built an accurate and logical bridge from the evidence to his findings regarding the plaintiff's lifting capacity and the degree of the plaintiff's mental impairments. He sufficiently explained the weight he gave to Dr. Brown's opinion and why he did not find the opinion persuasive. The objection regarding the ALJ's findings about the plaintiff's mental impairment amounts to a disagreement with how the ALJ weighed the record evidence, which is not a proper ground for rejecting the Report or overruling the Commissioner's decision.

Accordingly, it is **ORDERED** as follows:

1. Plaintiff's Objection, ECF No. 15, is DENIED;
2. The magistrate judge's Report and Recommendation, ECF No. 14, is fully ACCEPTED;
3. Plaintiff's Motion for Summary Judgment, ECF No. 10, is DENIED;

- 4 -

4. The Commissioner's Motion for Summary Judgment, ECF No. 12, is GRANTED; and

5. A separate final judgment will be entered herewith.

ENTER: July 28, 2022

/s/  JAMES P. JONES
Senior United States District Judge